Lawrence M. Shoot, Hialeah, Fla., for defendants/third party plaintiffs.

Kirk M. Gibbons, Tampa, Fla., and Elliott R. Good, Columbus, Ohio, for third party defendants.

DECENZO/REISMAN/KELLOG, M.D., P.A., Plaintiffs,

v.

Diana CESPEDES and John Cespedes, Defendants/Third Party Plaintiffs,

v.

The TRAVELERS INSURANCE COMPANY, Third Party Defendants.

No. 88–2121–CIV.

United States District Court, S.D. Florida, Miami Division.

April 4, 1989.

MEMORANDUM OPINION

## ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon the Third Party Defendant's, TRAVELER'S INSURANCE COMPANY, Motion to Dismiss the Third Party Complaint and Motion for Summary Judgment. The Third Party Plaintiffs, DIANA and JOHN CESPEDES, instituted this third party action against the Defendant, TRAVELERS INSURANCE COMPANY, for alleged violations of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C.A. Section 1001, *et seq.* The Third Party Plaintiffs have alleged that the Third Party Defendant failed to provide medical benefits in accordance with the group health insurance plan at issue, and that the denial of these benefits constitutes a violation of ERISA.

The Third Party Defendant has filed a Motion to Dismiss and a Motion for Summary Judgment, and as grounds in support thereof, states that the Third Party Plaintiffs' Complaint should be dismissed as a matter of law, due to their failure to exhaust administrative remedies. To date, the Third Party Plaintiffs have failed to respond to the Third Party Defendant's Motion to Dismiss and Motion for Summary Judgment.[1] For the reasons set forth below, it is the opinion of this Court that

---

1. Local Rule 10(J)(2), Local Rules for the Unit- ed States District Court for the Southern District

the Third Party Defendant's Motion for Summary Judgment should be GRANTED.[2]

### Jurisdiction

This Court has federal subject matter jurisdiction over this action pursuant to 29 U.S.C.A. Section 1132(e)(1).

### Facts

The Third Party Plaintiff, John Cespedes, participated in a group health insurance plan provided by his employer, the McDonald's Corporation. The group health insurance policy in question was issued by the Third Party Defendant, Travelers Insurance Company. The Third Party Plaintiff, John Cespedes, obtained insurance coverage pursuant to this employee welfare benefit plan in July of 1986. On January 14, 1988, Mr. Cespedes applied to Travelers Insurance Company for dependent coverage for his wife, Third Party Plaintiff, Diana Cespedes. Mrs. Cespedes was pregnant at the time that her husband applied for dependent coverage, and gave birth to infant, Michelle Cespedes, on February 21, 1988. Travelers Insurance Company denied dependent coverage to Mrs. Cespedes on March 9, 1988; however, insurance coverage was provided to the infant.

Plaintiff, DECENZO/REISMAN/KELLOG, M.D., P.A., instituted this action against the Defendants/Third Party Plaintiffs, Diana and John Cespedes, for failure to pay the medical expenses incurred in the birth of their child. In response thereto, the Defendants/Third Party Plaintiffs instituted this third party action against Travelers Insurance Company, alleging that the medical expenses at issue are covered un-der the Travelers insurance policy, and that Travellers Insurance Company has willfully refused to pay such expenses.

### Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is mandated against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, it is the Court's obligation to review the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A ruling on summary judgment should be guided by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Trustees of the Plumbers Local No. 519 Health and Welfare Trust Fund v. Garcia*, 677 F.Supp. 1554, 1556 (S.D.Fla.1988).

---

of Florida, provides that every Motion for Summary Judgment shall be accompanied by a memorandum of law, necessary affidavits, and a concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. This rule further provides that all material facts set forth in the movant's statement will be deemed admitted unless controverted by the opposing party's statement. As the Third Party Plaintiffs have failed to oppose the Motion for Summary Judgment or controvert any of the facts raised therein, all material facts set forth in the Third Party Defendant's motion are deemed admitted.

Although this Court has rendered a decision on the Third Party Defendant's Motion for Summary Judgment based upon the merits of said motion, this Court is empowered to grant a summary judgment by default based upon the Third Party Plaintiff's failure to respond thereto.

**2.** This Court hereby grants the Third Party Defendant's, Travelers Insurance Company, Motion for Summary Judgment based upon the grounds raised therein. In the absence of a summary judgment on the merits, however, the Third Party Defendant's Motion to Dismiss should be granted.

However, summary judgment is an extreme remedy which should not be granted, unless the moving party has established his right to judgment beyond controversy. *Id.*

## Discussion

ERISA prescribes that an employee benefit plan must afford a reasonable opportunity for review of a claim for benefits. 29 U.S.C.A. Section 1133(1) and (2). Accordingly, every employee benefit plan must establish a review procedure to examine employee claims and grievances. ERISA does not mandate the exhaustion of administrative remedies as a condition precedent to filing an action for violations thereof. Courts, however, have generally required claimants to exhaust their administrative remedies prior to instituting suit in federal court under ERISA. *Kross v. Western Electric*, 701 F.2d 1238 (7th Cir.1982). In accord with this, the Eleventh Circuit has expressly adopted the exhaustion requirement for ERISA claims. *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). In adopting the exhaustion requirement, the Eleventh Circuit cited the following as compelling considerations in support thereof: (1) administrative claim resolution reduces the amount of frivolous suits under ERISA; (2) it prevents premature judicial intervention; and (3) reduces the costs of dispute resolution. *Id.* at 1227.

The exhaustion requirement is consistent with Congress' intent that employee benefit funds have primary responsibility for processing claims. As the Ninth Circuit stated in *Challenger v. Local Union No. 1*, 619 F.2d 645, 649 (7th Cir.1980), "[i]t would

certainly be anomalous if the same good reasons that presumably led Congress and the Secretary to require covered plans to provide administrative remedies for aggrieved claimants did not lead the courts to see that those remedies are regularly used. Moreover, the trustees of the covered benefit plans are granted broad fiduciary rights and responsibilities under ERISA, and implementation of the exhaustion requirement will enhance their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes."

In the instant case, the Third Party Plaintiffs, John and Diana Cespedes, have failed to exhaust their administrative remedies prior to filing suit in federal court. ERISA requires that an employee benefit plan contain a vehicle for full and fair review by the plan fiduciary of claim denials.[3] In accordance with the provisions of ERISA, Travelers Insurance Company established a review procedure for the denial of employee benefit claims.[4] Despite the existence of this review procedure, the Third Party Plaintiffs failed to avail themselves of this procedure prior to instituting suit in federal court. In fact, Mr. and Mrs. Cespedes never submitted a claim to Travelers Insurance Company for the medical expenses which are the subject of the instant litigation. Nor have Plaintiffs requested that Travelers Insurance Company review its denial of dependent insurance coverage to Mrs. Cespedes.[5] Accordingly, the Third Party Plaintiffs have instituted this suit against Travelers Insurance prematurely, as they have failed to file a claim for benefits and have failed to exhaust their administrative remedies.

**3.** 29 U.S.C.A. Section 1002(1) defines an employee welfare benefit plan as one which provides to employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability or death." As such, the group health insurance policy at issue is an employee welfare benefit plan as defined by ERISA.

**4.** 29 U.S.C.A. Section 1002(21)(A)(iii) provides in pertinent part that an individual or party will qualify as a fiduciary under ERISA if it "... has any discretionary authority or discretionary responsibility in the administration of such a plan." Courts have held that where an insur-

ance company accepts or is given the responsibility or authority to grant or deny plan-related benefits, such company becomes a plan fiduciary. *See Benvenuto v. Connecticut General Life Ins. Co.*, 643 F.Supp. 87 (D.N.J.1986). Accordingly, Travelers Insurance Company is a fiduciary within the definition and guidelines of ERISA.

**5.** Travelers Insurance Company is also entitled to summary judgment on the grounds that the Third Party Plaintiff, Diana Cespedes, was never afforded insurance coverage pursuant to the group health insurance policy issued by Travelers Insurance. Mr. Cespedes applied for de-

In the Court's opinion, the Third Party Defendant has established as a matter of law that (1) Travelers Insurance Company established a detailed procedure of review, and that (2) the Third Party Plaintiffs failed to avail themselves of this procedure. By presenting their claims directly to this Court, the Third Party Plaintiffs have attempted to by-pass the review procedure established by Travelers Insurance. The Third Party Plaintiffs' failure to exhaust their administrative remedies is evident to this Court, accordingly, their claims must be dismissed as a matter of law.

### Conclusion

As it appears that the Third Party Plaintiffs failed to avail themselves of the administrative review process before instituting this action, the Third Party Defendant's Motion for Summary Judgment should be granted for failure to exhaust the available administrative remedies. The Eleventh Circuit favors exhaustion of administrative remedies prior to judicial intervention, for exhaustion reduces frivolous claims, promotes the consistent treatment of claims, and creates a non-adversarial method of claims settlement. *Mason v. Continental Group, Inc.*, 763 F.2d at 1227. Furthermore, exhaustion of remedies avoids the high cost of litigation that both employers and employees would inevitably incur if claimants were required or allowed to file their claims directly with the courts.

Upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the Third Party Defendant's Motion for Summary Judgment is GRANTED.*

DONE AND ORDERED.

pendent insurance coverage for his wife; however, such coverage was denied by Travelers Insurance. Thus, the Third Party Plaintiffs are attempting to create insurance coverage where there simply is none. Furthermore, even if Mrs. Cespedes were a covered dependent under the insurance policy at issue, her medical expenses would not have been covered under the policy because they were rendered due to a condition which pre-existed her application for insurance—her pregnancy.

\* This Court hereby directs the third party defendant to submit an Order of Final Judgment within ten (10) days of the entry of this Order.