**James BELLINO, et al., Plaintiffs,**

v.

**SCHLUMBERGER TECHNOLOGIES, INC., Defendant.**

**Civ. No. 90–0012 P.**

United States District Court,
D. Maine.

Sept. 12, 1990.

Francis M. Jackson, Portland, Me., Herbert J. Ludwig, Nisbet & Ludwig, South Portland, Me., for plaintiffs.

Joseph J. Hahn, Bernstein, Shur, Sawyer & Nelson, Portland, Me., W. Irl Reasoner

---

III, Jean M. Frazier, Baker & Hostetler, Columbus, Ohio, for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

Plaintiffs, former employees of Defendant, bring this action to recover severance pay benefits allegedly owed them by Defendant. Plaintiffs allege that Defendant terminated their employment with Defendant in August and/or September 1989, and that they are entitled to severance pay based on a severance pay plan described in Defendant's employee handbook. Plaintiffs bring three state law claims (based on theories of breach of contract, promissory estoppel, and a statutory wage claim pursuant to 26 M.R.S.A. § 626–A) and one federal claim based on the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA or Act).

Defendant now moves to dismiss the state law claims, arguing that they are preempted by the provisions of ERISA. The Court holds that Plaintiffs' state law claims of breach of contract and promissory estoppel are "related to" Defendant's severance pay plan, an employee benefit plan within the meaning of ERISA, and thus they are explicitly preempted by the Act. The Court also holds that Plaintiffs' complaint fails to state a claim under 26 M.R.S.A. § 626–A. The Court, therefore, will dismiss all of Plaintiffs' state law claims.

## DISCUSSION

The ERISA statute provides that the Act

shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a) ] and not exempt under section 4(b) [29 U.S.C. § 1003(b) ].

29 U.S.C. 1144(a). State law is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). An "employee benefit plan" means an "employee welfare benefit plan," 29 U.S.C. § 1002(3), which in turn is defined as

any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund or program was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) ... benefits in the event of sickness, accident, disability, death or unemployment. ...

29 U.S.C. § 1002(1)(A).

■■■ It is well established that a severance pay plan such as that established by Defendant is an employee welfare benefit plan within the meaning of ERISA. *See Massachusetts v. Morash,* 490 U.S. 107, 115, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98, 109 (1989); *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir.1985), *aff'd sub nom. Brooks v. Burlington Industries, Inc.,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986); *Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320 (2d Cir. 1985), *aff'd sub nom. Roberts v. Burlington Industries, Inc.,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986). If Plaintiffs' state law claims "relate to" that employee welfare plan, they are explicitly preempted by ERISA.

The phrase "relate to" in 29 U.S.C. § 1144(a) is "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (citations omitted). Applying this expansive concept of relatedness, the Court concludes that Plaintiffs' state law claims for breach of contract and promissory estoppel are "related to" Defendant's employee welfare benefit plan, and therefore those state law claims are preempted by ERISA. Both claims depend entirely on the existence, operation and alleged breach of the promises embodied in the severance pay plan. The Court, therefore, must dismiss those two claims because they are explicitly

preempted by ERISA. *See* 29 U.S.C. § 1144(a).

■ Plaintiffs argue, relying on *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), that the Maine wage claim statute is not preempted by ERISA. The Court finds it unnecessary to address this argument because it concludes that Plaintiff has failed to state a claim under 26 M.R.S.A. § 626–A.

Plaintiffs' complaint alleges that payments due under Defendant's severance pay plan are "wages" within the meaning of 26 M.R.S.A. § 626–A. The Court has found no Maine precedent which holds that severance pay constitutes "unpaid wages" within the meaning of 26 M.R.S.A. §§ 626 and 626–A; it is the Court's view that were a Maine court to pass on the question, it would conclude that severance pay benefits are not wages for the purposes of the statute. First, the statutory scheme militates against interpreting "unpaid wages" as including severance pay benefits. The Maine legislature explicitly provided that "vacation pay on cessation of employment shall have *the same status* as wages earned." 26 M.R.S.A. § 626 (emphasis added).[1] The legislature did not provide a similar status for severance pay benefits, which indicates that it did not regard severance pay as having the same status as wages earned. Moreover, the statute does provide for severance pay benefits in certain circumstances, *see* 26 M.R.S.A. § 625–B; those benefits "shall be *in addition to* any final wage payment to the employee...." 26 M.R.S.A. § 625–B(2). This provision demonstrates that the legislature did not contemplate that severance pay benefits were "unpaid wages" within the meaning of the statute. Finally, and most important, Plaintiffs' construction of the statute conflicts with the statute's plain language. The term "unpaid wages," as ordinarily understood, refers to earnings for completed services. The phrase does not encompass severance pay benefits, which become due only upon and by reason of an employee's termination. The Court, therefore, concludes that Plaintiffs' complaint fails to state a claim under 26 M.R.S.A. § 626–A and thus must be dismissed.

■ Even if the Court were to adopt Plaintiffs' construction of 26 M.R.S.A. §§ 626 and 626–A, the Maine statutory wage claim, like Plaintiffs' common law causes of action, would be preempted by ERISA. Assuming that the statute provided Plaintiffs with a remedy for unpaid severance pay benefits, their claim would "relate to" an employee welfare benefit plan, and the preemption provision of ERISA, 29 U.S.C. § 1144, would bar the claim.

Plaintiffs' reliance on *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), is misplaced. The employer in *Fort Halifax* had *not* established an employee welfare benefit plan regarding severance pay. Further, the Supreme Court held that the Maine severance pay statute, 26 M.R.S.A. § 625–B,[2] did not establish, nor did it require an employer to maintain, such a plan. Because there was no ERISA employee benefit plan, ERISA did not preempt the Maine statute. 482 U.S. at 6, 107 S.Ct. at 2214. Here, of course, Defendant's severance pay plan qualifies as an employee welfare benefit plan within the meaning of ERISA, and thus the *Fort Halifax* decision is inapposite.

Finally, Plaintiff argues that *Massachusetts v. Morash*, 109 S.Ct. 1668, 104 L.Ed.2d

---

1. The statute provides that an employee, upon leaving employment, "shall be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid.... *Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment shall have the same status as wages earned.*" 26 M.R.S.A. § 626 (emphasis added).

2. The *Fort Halifax* Court examined the Maine severance pay statute, 26 M.R.S.A. § 625–B. That section provides that certain employers are liable to their employees for severance pay upon relocation or termination of the employer's operations. The section does not apply if the employees are covered by an express contract providing for severance pay, as in Plaintiffs' case. See 26 M.R.S.A. § 625–B(3)(B). Plaintiffs' statutory wage claim is *not* based on 26 M.R.S.A. § 625–B, but rather on 26 M.R.S.A. § 626–A, which provides employees a claim for "unpaid wages."

98, teaches that the Maine wage statute is not preempted by ERISA. However, the issue before the *Morash* Court was whether an employer's promise to pay for unused vacation time was an "employee benefit plan" within the meaning of ERISA. The Court held that such a promise was not an employee benefit plan, and thus ERISA did not preempt the employees' claims in that case. 109 S.Ct. at 1672, 104 L.Ed.2d at 108. The *Morash* Court distinguished severance pay plans from the vacation benefits plan before it, stating that "plans to pay employees severance benefits, which are payable *only* upon termination of employment, are employee welfare benefit plans within the meaning of the Act." 109 S.Ct. at 1673, 104 L.Ed.2d at 109 (emphasis in original). If anything, the *Morash* decision supports Defendant's, rather than Plaintiffs', case.

Accordingly, the Court ORDERS that Counts I, II and III of Plaintiffs' complaint be, and they are hereby, DISMISSED.