**Martha A. MULDOON, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporate agency of the United States, The One Bancorp, and Fleet Bank of Maine, a Maine Corporation, Defendants.**

**Civ. No. 91–0294–P–C.**

United States District Court,
D. Maine.

April 3, 1992.

Rubin G. Segal, Portland, Me., for plaintiff.

Peter J. Detroy, III, Norman, Hanson & Detroy, James B. Barns, Drummond & Drummond, Portland, Me., for defendants.

## ORDER GRANTING DEFENDANT THE ONE BANCORP'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

This case involves Plaintiff Martha A. Muldoon's ("Plaintiff" or "Muldoon") claim that, as a former employee of Maine Savings Bank ("MSB"), she is entitled to severance pay under the MSB Financial Security Severance Plan ("Severance Plan" or "Plan"). She alleges that she is entitled to collect severance pay under the Plan from Defendant The One Bancorp ("Defendant" or "One Bancorp"), and not from just her former employer, MSB.

The Court now has before it Defendant's Motion for Summary Judgment, filed on March 5, 1992. Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." The Court acts on Defendant's motion on the basis of the written submissions of the parties.

## I. FACTS

Plaintiff had been employed continuously in various capacities by MSB from May 1983 until February 1, 1991, when she was terminated involuntarily due to a job elimination. At the time of her termination, Plaintiff was employed by MSB as Group Vice President of Marketing and Communications. MSB was a subsidiary of Defendant One Bancorp.

As of March 15, 1990, MSB and One Bancorp implemented the Severance Plan to provide certain severance benefits to eligible employees pursuant to the terms and conditions of the Plan. The Plan constitutes an employee welfare benefit plan within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and Department of Labor Regulation Section 2510.3–1(a)(2) and (3).[1] The Plan defines "Eligible Employee" as "[a]ny officer of the Employer and any common law employee (whether Full-time or Part-time) of the Employer ..." Statement of Material Facts in Support of Defendant The One Bancorp's Motion for Summary Judgment, Exhibit C, Severance Plan, section 4(e). The Plan defines "Employer" as "The One Bancorp and the Maine Savings Bank, each with respect to its own employees, or jointly with respect to joint employees." *Id.,* section 4(g).[2]

On February 1, 1991, MSB was declared insolvent and was closed by the Superintendent of Banking of the State of Maine,

---

**1.** Plaintiff neither raised the ERISA statute as the basis for subject matter jurisdiction in this case nor did she bring her claim for breach of contract under ERISA even though the Severance Plan is governed by ERISA.

**2.** A disputed fact in this case is whether Plaintiff was a joint employee of MSB and One Bancorp. Defendant states that Plaintiff was not a joint employee. *See* Defendant's Statement of Material Facts, Exhibit B, Affidavit of William E. Saufley, Esq. in Support of Defendant The One Bancorp's Motion for Summary Judgment, ¶ 6;

Defendant's Statement of Material Facts, Exhibit C, Affidavit of Vincent E. Furey, Jr. in Support of Defendant The One Bancorp's Motion for Summary Judgment, ¶ 8. Although Plaintiff initially alleged that she was an employee of MSB, *see* Plaintiff's Complaint, ¶ 7, she later averred that she was a joint employee of MSB and One Bancorp. *See* Affidavit in Opposition to One Bancorp's Motion for Summary Judgment, ¶¶ 4–10.

As Plaintiff points out, the term "joint employee" was never defined in the Severance Plan.

and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. Within one week of MSB's closure, Plaintiff was terminated from her employment with MSB. Thereafter, she filed a proof of claim for $49,980.17 with the FDIC in severance pay. On or about August 5, 1991, the FDIC notified Plaintiff that her claim was allowed in the amount of $5,161.60 but that the remainder of her claim in the approximate amount of $44,302 was disallowed.

On October 3, 1991, Plaintiff commenced a civil action to contest the FDIC's determination to disallow her full claim for severance pay. On March 5, 1992, Defendant filed a Motion for Summary Judgment. For the reasons that follow, none of which have been asserted by Defendant as a basis for its motion, the Court will grant Defendant's motion.

## II. DISCUSSION

 ERISA pre-empts "any and all State laws [3] insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a) (1990) (footnote added).[4] The term "employee benefit plan" means an "employee welfare benefit plan," *see id.* § 1002(3), which is defined as:

> any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund or program was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) ... benefits in the event of sickness, accident, disability, death or unemployment....

*Id.* § 1002(1)(A).

Defendant's severance pay plan is an employee welfare benefit plan within the meaning of ERISA.[5] *See* Defendant's Statement of Material Facts, Exhibit C, Severance Plan, § 1. This Court has held that a plaintiff's breach of contract claim that relates to the employee welfare plan is explicitly preempted by ERISA. *See Bellino v. Schlumberger Technologies, Inc.,* 753 F.Supp. 391, 392 (D.Me.1990). The

---

**3.** State law is defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

**4.** The pre-emption clause of ERISA is subject to certain enumerated exceptions that are not applicable here. These exceptions include those state laws regulating insurance, banking, or securities under ERISA's "savings clause," 29 U.S.C. § 1144(b)(2)(A); generally applicable state criminal laws, *id.* § 1144(b)(4); and qualified domestic relations orders, *id.* § 1144(b)(7). The savings clause is subject to one exception, often referred to as the "deemer clause," under 29 U.S.C. § 1144(b)(2)(B), which has no relevance in the instant case.

State common law contract claims are not saved under the savings clause from pre-emption by ERISA. *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) ("[This lawsuit] is based upon common law of general application that is not a law regulating insurance."); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 57, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987) (analyzing ERISA's saving clause in terms of regulating insurance); *Kriebel v. Phoenix Mutual Life Insurance Co.,* 699 F.Supp. 496, 500 (W.D.Pa. 1988) ("[Pennsylvania contract law] is nothing more than principles of general application that are available in any breach of contract case ... we hold that the savings clause ... does not save plaintiff's contract claims from pre-emp-

tion."). *See also Nash v. Trustees of Boston University,* 946 F.2d 960, 964 (1st Cir.1991) ("We likewise assume, again without deciding, that state law contract principles are preempted under ERISA.").

Here, the savings clause does not rescue Plaintiff's breach-of-contract claim from preemption because it, too, is based upon common law of general application that is not a law regulating banking. Hence, ERISA's savings clause is not applicable to the facts of this case.

**5.** The United States Supreme Court noted that "ERISA covers 'employee benefit plans,' which it defines as plans that are either 'an employee welfare benefit plan,' or 'an employee pension benefit plan,' or both." *Massachusetts v. Morash,* 490 U.S. 107, 113, 109 S.Ct. 1668, 1672, 104 L.Ed.2d 98 (1989). It further defines an employee welfare benefit plan as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... unemployment....

*Id.* at 107–08, 109 S.Ct. at 1672 (citations and footnotes omitted).

phrase "relate to" in 29 U.S.C. section 1144(a) is "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Schlumberger Technologies,* 753 F.Supp. at 392 (quoting *Dedeaux,* 481 U.S. at 47, 107 S.Ct. at 1553 (citations omitted)). *Cf. Cuoco v. Nynex, Inc.,* 722 F.Supp. 884, 887 (D.Mass.1989) ("plaintiff's claims in this case relate to the NYNEX plan in 'too tenuous, remote or peripheral a manner' to warrant a conclusion that the common law upon which the plaintiff relies is preempted by ERISA."). In *Schlumberger Technologies,* the Court concluded that:

> Plaintiffs' state law claims for breach of contract and promissory estoppel are "related to" Defendant's employee welfare benefit plan, and therefore those state law claims are preempted by ERISA. Both claims depend entirely on the existence, operation and alleged breach of the promises embodied in the severance pay plan. The Court, therefore, must dismiss those two claims because they are explicitly preempted by ERISA.

*Id.* 753 F.Supp. at 392–93. *See also Dedeaux,* 481 U.S. at 54, 107 S.Ct. at 1556 (disability benefits); *Reichelt v. Emhart Corp.,* 921 F.2d 425, 431 (2nd Cir.1990) (severance pay), *cert. denied,* — U.S. —, 111 S.Ct. 2854, 115 L.Ed.2d 1022 (1991); *Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320, 328 (2d Cir.1985); *Pane v. RCA Corp.,* 667 F.Supp. 168, 172 (D.N.J. 1987) (severance pay).

Here, Plaintiff brings a breach-of-contract claim that relates to Defendant's Severance Plan, which is governed by ERISA. Plaintiff neither pleads that this claim arises under ERISA nor refers to ERISA whatsoever in her Complaint. *Cf. Bellino v. Schlumberger Technologies, Inc.,* 753 F.Supp. 394, 395 (D.Me.1990), *aff'd,* 944

F.2d 26 (1st Cir.1991). In fact, the sole basis for subject matter jurisdiction for this claim raised in the Complaint relates to the FDIC under Title 12 U.S.C. section 1821(d)(6)(A). Therefore, the Court must dismiss Plaintiff's Complaint because, in the absence of application of ERISA's savings clause, the ERISA pre-emption clause explicitly pre-empts any common law breach-of-contract claim founded on a severance pay plan.[6]

Accordingly, it is hereby ORDERED that Defendant One Bancorp's Motion for Summary Judgment be, and it is hereby, GRANTED.[7]

SO ORDERED.

---

**6.** The Court will not reach the disputed factual issue of whether Plaintiff Muldoon was a joint employee because the Court dismisses Plaintiff's Complaint as a matter of law on other grounds.

**7.** Although Defendant seeks to dismiss Plaintiff's Complaint on the basis of a motion for summary judgment rather than a motion to

dismiss, courts have invoked the pre-emption clause of ERISA to dismiss breach-of-contract claims under both Federal Rules of Civil Procedure 56 and 12(b)(6). *See, e.g., Pilot Life Insurance Co.,* 481 U.S. at 57, 107 S.Ct. at 1558 (summary judgment); *Reichelt,* 921 F.2d at 431 (summary judgment).