**Jeffery DARLIN**

v.

**CONSOLIDATED RAIL CORPORATION.**

**No. CIV. A. 99–CV–6604.**

United States District Court, E.D. Pennsylvania.

March 14, 2000.

Order Denying Reconsideration, April 13, 2000.

John E. Savoth, William L. Keller & Assoc., Philadelphia, PA, for Jeffrey Darlin, Plaintiffs.

Brian T. Ortelere, Michael J. Tierney, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Consolidated Rail Corporation, Defendants.

## *MEMORANDUM*

LUDWIG, District Judge.

Plaintiff Jeffery Darlin moves to remand this action to the Court of Common Pleas of Philadelphia, following removal premised on ERISA jurisdiction under 29 U.S.C. § 1001 *et seq.* Because the sever-

ance plan in question appears to qualify under ERISA as an "employee welfare benefit plan," 29 U.S.C. § 1002(1), the motion will be denied. Defendant Conrail moves to dismiss the complaint, Fed R. Civ. P. 12(b)(6), citing ERISA preemption. A ruling on this motion will be deferred pending a further submission.

In July, 1998, defendant Conrail, as part of a pending merger, offered certain managerial employees a "stay-on bonus" if they remained past their termination dates, until the reorganization was complete. A three-page "Summary of Non–Agreement Benefits in Connection with the Change in Control of Conrail" defined eligibility as follows:

> All employees who hold a non-agreement position as of March 7, 1997, and who do not have an individual severance agreement with Conrail are eligible for the following benefits, all or a portion of which may be made available as supplemental under the Conrail pension plan. In the event you are terminated (or constructively terminated) without cause within 3 years of the date CSX/NS are permitted by the [Surface Transportation Board] to assume control over Conrail's railroad operation (the "Control Date"), or the date the [Surface Transportation Board] authorizes the removal of Conrail's current Board of Directors, *if earlier, estimated at mid–1998, you* will be eligible to receive a special pension benefit, subject to the execution of a release and confidentiality agreement. You will have the choice to receive the special benefit as a lump sum or as an annuity....

Complaint, Exh. B.

Plaintiff, an eligible employee, decided to participate in the stay-on program. On April 19, 1999, plaintiff received notice of termination effective May 31, 1999. Attached was further information on the plan, together with a draft of a release of all claims against Conrail, including those under the FELA. *See* Complaint, Exh. 3. Plaintiff had a pending FELA claim and

was unaware that a waiver of the claim would be required.

On June 21, 1999, plaintiff received a separation package that included the release. After consulting with counsel, he removed the reference to FELA claims, signed the release, and returned it. The redacted release was not acceptable to Conrail, and plaintiff refused to execute the original. Following this impasse, plaintiff filed suit in state court for promissory estoppel and fraud.

■ Severance plans may constitute "employee welfare benefit plans" under ERISA. *Massachusetts v. Morash*, 490 U.S. 107, 116, 109 S.Ct. 1668, 1669, 104 L.Ed.2d 98 (1989). As discussed by the Court, what characterizes an ERISA plan is the "ongoing, predictable nature of [an] obligation ... creat[ing] the need for an administrative scheme to process claims and pay out benefits, whether those sums are received by beneficiaries in a lump sum or on a periodic basis." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 16 n. 9, 107 S.Ct. 2211, 2219, 96 L.Ed.2d 1 (1987).

Our Court of Appeals has twice applied *Fort Halifax* to severance plans, determining whether or not an ERISA plan exists based "on the amount of employment discretion involved in providing payment." *See Middleton v. Philadelphia Elec. Co.*, 850 F.Supp. 348, 351 (E.D.Pa.1994). Those decisions, *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir.1989) and *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir.1992), delineate the range of discretion required. In *Pane*, a severance program was found to be an ERISA plan because it authorized the administrator to exercise subjective discretion to decide whether an employee was terminated other than for cause. 868 F.2d at 635, *affirming Pane v. RCA Corp.*, 667 F.Supp. 168 (D.N.J.1987). The district court decision noted "the circumstances of each employee's termination must be analyzed in light of [particular] criteria, and an ongoing administrative system constituting an ERISA plan exists." *Pane*, 667 F.Supp. at 171. *See also, Bogue v. Ampex*

*Corp.*, 976 F.2d 1319, 1322 (9th Cir.1992) (severance plan in which administrator determined if covered employee's new job was "substantially equivalent" to his previous job was governed by ERISA). In *Angst*, a buyout plan granting lump sum payments and certain medical benefits was held not to be a "plan" under ERISA. 969 F.2d at 1539. The buyout covered 77 employees, with eligibility based on seniority—there were 144 applicants. Although the seniority determinations were made by an administrator, the plan did not create "an administrative apparatus that would analyze each employees' situation in light of particular criteria." *Angst*, 969 F.2d at 1539. *See also, Middleton*, 850 F.Supp. at 353 (A severance plan in which "the administrator [used] objective criteria and calculate[d] severance benefits according to a simple formula" was not subject to ERISA.)

■ Here, much akin to *Pane*, plan eligibility is restricted to employees who "are terminated (or constructively terminated) without cause"—a standard involving the use of subjective discretion by the plan administrator. So viewed, Conrail's special benefit plan is an "employee welfare benefit plan" under ERISA. 29 U.S.C. § 1002(1).

■ As to defendant's motion to dismiss the complaint, there are two types of ERISA preemption—complete preemption under § 502(a) and express preemption under § 514(a). Our Court of Appeals recently clarified the differences. *See In re U.S. Healthcare*, 193 F.3d 151 (3d Cir. 1999). Complete preemption, a jurisdictional concept, "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Id.* at 160. State law claims subject to complete preemption are "necessarily federal in character" and, as such, are transformed into federal claims. *Id., citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

Express preemption concerns state laws that "relate to" employee benefit plans; it is a "substantive concept governing the applicable law." *Id.* Claims affected by express preemption are "displaced and subject to dismissal." *Id.*

The dismissal motion raises both types of preemption. Plaintiff's response asserts that an ERISA plan does not exist and preemption, therefore, does not apply. Plaintiff will be given additional time to brief this issue.

### ORDER—MEMORANDUM

AND NOW, this 13th day of April, 2000, plaintiff Jeffery Darlin's motion for reconsideration of the refusal of remand is denied.

On March 14, 2000 by order and memorandum, remand was rejected because the severance plan at issue was deemed to be qualified under ERISA as an "employee welfare benefit plan," 29 U.S.C. § 1002(1). As a result, federal jurisdiction attached. 28 U.S.C. § 1331. Plaintiff asks for reconsideration in light of *Velarde v. PACE Membership Warehouse, Inc.,* 105 F.3d 1313 (9th Cir.1997).

In *Velarde,* the employer offered a "stay-on bonus" to certain employees who remained with the company for a defined period. 105 F.3d at 1315. To maintain eligibility, employees had to "perform their duties in a satisfactory manner" and "not be terminated for cause before the specified date." *Id.* at 1316–17. These strictures, the Ninth Circuit concluded, "failed

to rise to the level of ongoing particularized discretion required to transform a simple severance agreement into an ERISA employee benefits plan." *Id.* at 1317.[1] In effect, the criteria for the bonus was to continue working and not be discharged for cause—or, simply, to "stay-on.".

Here, the "stay-on bonus" was made available to employees "terminated (or constructively terminated) without cause," as determined by a plan administrator. Discretion, in this instance, was to be exercised for the purpose of inclusion in the plan, not exclusion, as in *Velarde.* Perhaps more significantly, our Court of Appeals, in a case very much like this one, has laid down a low level of discretion as a predicate for ERISA classification. In *Pane v. RCA Corp.,* a severance program was held to be an ERISA plan because the administrator just was called on to determine whether an employee was terminated other than for cause. 868 F.2d 631, 635 (3d Cir.1989), *affirming Pane v. RCA Corp.,* 667 F.Supp. 168 (D.N.J.1987). *Pane* is much closer than *Velarde,* and it is authoritative.[2]

---

**1.** Recently, the D.C. Circuit also held that a termination for-cause provision by itself was not enough for an ERISA plan. *See Young v. Washington Gas Light Co.,* No. 99–7091, 2000 WL 295598 at *1–2 (D.C.Cir. March 31, 2000).

**2.** Two additional distinctions—unlike *Velarde,* the plan administrator here must also decide if an eligible employee has been constructively discharged. This entails an evaluation of whether the company took "any action ... [to] decrease[] an Eligible Employee's authority, duties or responsibilities." Complaint, Exh. B. Furthermore, the plan appears to be an amendment to a prior, existing

ERISA plan—*see Lawson v. CSX Corp.,* Civ. No. 98–3539, 1999 WL 778315 at * 1 (E.D.Pa. Sept.30, 1999); *Englehart v. Consolidated Rail Corp.,* Civ. No. 92–7056, 1996 WL 526726 at * 4 (E.D.Pa. Sept.18, 1996)—and therefore, may be considered under ERISA "if the obligations (both preamendment and postamendment) continue to draw from the same, single, unsegregated pool of assets." *Hughes Aircraft v. Jacobson,* 525 U.S. 432, 442, 119 S.Ct. 755, 762–63, 142 L.Ed.2d 881, 67 USLW 4122 (1999). This distinction was not considered for this ruling inasmuch as it involves matters outside the complaint. Fed.R.Civ.P. 12(b).